375 F.3d 909
 Godwin MADUKA, M.D., Plaintiff-Appellant,
v.
SUNRISE HOSPITAL, a Nevada corporation, dba Sunrise Hospital and Medical Center; Sunrise Hospital and Medical Center Fair Hearing Committee; Columbia/HCA Healthcare Corporation, a Delaware corporation, Defendants-Appellees.
 No. 03-15332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 2004.
 Filed July 15, 2004.
 
 Randall H. Scarlett, Randall H. Scarlett Law Group, San Francisco, CA, and Cal J. Potter, III, Potter Law Offices, Las Vegas, NV, for the plaintiff/appellant.
 John R. Bailey, Law Offices of John R. Bailey, Las Vegas, NV, and Dennis L. Kennedy, Lionel Sawyer & Collins, Las Vegas, NV, for the defendants/appellees.
 Appeal from the United States District Court for the District of Nevada, Lloyd D. George, District Judge, Presiding, D.C. No. CV-00-00830-LDG.
 Before WALLACE, KOZINSKI, and THOMAS, Circuit Judges.
 OPINION
 WALLACE, Senior Circuit Judge.
 
 
 1
 Dr. Godwin Maduka appeals from the district court's judgment dismissing his Second Amended Complaint with prejudice. We have jurisdiction over Maduka's timely filed appeal pursuant to 28 U.S.C. § 1291. We reverse.
 
 I.
 
 2
 The following narrative is drawn primarily from Maduka's complaint. Sunrise Hospital hired Maduka, an American of African ancestry, as an anesthesiologist in August 1997. Shortly after completing the hospital's monitorship program, Maduka was involved in two incidents that prompted the revocation of his staff privileges.
 
 
 3
 On May 4, 1999, Maduka was administering anesthesia to a candidate for cardio-defibrillator implant surgery. Maduka's initial placement of a laryngeal mask airway was unsuccessful, as the blueish hue of the patient's skin proved. Maduka attempted to insert an endotracheal tube, but soon needed to reintubate with a larger tube. The surgery was aborted, although Maduka's complaint does not indicate why. The patient apparently did not suffer any neurological damage from a lack of oxygen, yet he subsequently died from an arrhythmia brought on by his cardiac condition.
 
 
 4
 Exactly one month after the first reintubation, another patient under Maduka's care began showing signs of oxygen deprivation, and Maduka again had to reinsert an endotracheal tube. This operation proceeded as planned once Maduka successfully reintubated the patient, and there were no indications of any side effects from the improper initial placement.
 
 
 5
 Although the supervising physicians did not file a report on either occasion, two nurses apparently witnessed the incidents and provided statements to Dr. Mantin, who relayed the statements to the Sunrise Hospital and Medical Center Fair Hearing Committee (Committee). Acting as prosecutor in the Committee's subsequent hearing, Dr. Mantin vouched for the witnesses' credibility, but he did not reveal their identities. Maduka was denied several standard procedural protections at the hearing, including the opportunity to cross-examine the two nurses. The Committee summarily suspended Maduka's staff privileges on June 4, 1999.
 
 
 6
 Maduka filed a federal civil rights action against Sunrise Hospital and several related entities (Sunrise) in the United States District Court. The district court dismissed all his claims with prejudice except his charge of defamation (which was dismissed without prejudice) and denied a subsequent petition for reconsideration. After the filing of Maduka's First Amended Complaint, the district court granted Maduka's motion to reconsider, vacated its order dismissing Maduka's discrimination claim with prejudice, and instead dismissed the claim without prejudice. Maduka's Second Amended Complaint (Complaint) — the one at issue here — only alleged discrimination. The Complaint asserted claims under the United States Constitution and 42 U.S.C. §§ 1981 and 1988, alleging that Sunrise's actions were motivated by his race, and offering two examples demonstrating this discriminatory motive. First, whereas other Sunrise staff who were not Americans of African ancestry violated hospital rules during the two incidents, none faced discipline. Second, Sunrise summarily dismissed Maduka without providing various procedural protections, which it routinely affords non-black staff members.
 
 
 7
 Sunrise moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The district court granted the motion and dismissed the Complaint on January 22, 2003. It held that Maduka made "only conclusory allegations of racial discrimination, and ... fail[ed] to allege any fact or facts constituting either direct or circumstantial evidence of discrimination."
 
 II.
 
 8
 We review a Rule 12(b)(6) dismissal for failure to state a claim de novo, and accept as true all well-pleaded allegations of fact in the Complaint, construing them in the light most favorable to Maduka. Roe v. City of San Diego, 356 F.3d 1108, 1111-12 (9th Cir.2004). Dismissal "is appropriate if it appears beyond doubt that [Maduka] can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1112 (internal quotation marks and citation omitted).
 
 
 9
 Nearly a year before the district court's dismissal, the Supreme Court determined the pleading standards appropriate for complaints alleging employment discrimination. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Presented with "the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)," the Court held "that an employment discrimination complaint need not include such facts and instead must contain only `a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 508, 122 S.Ct. 992, quoting Fed.R.Civ.P. 8(a)(2).
 
 
 10
 Surprisingly, neither of the parties in this "employment discrimination lawsuit" cited Swierkiewicz to the district court and the district court does not appear to have applied it to Maduka's case. Only after we ordered the parties to prepare to discuss the case at oral argument did counsel for Sunrise incorporate Swierkiewicz's standard into his analysis, although Maduka's counsel failed to do so even then.
 
 
 11
 Admittedly, Swierkiewicz involves a slightly different context: Maduka seeks relief pursuant to 42 U.S.C. § 1981, while the plaintiff in Swierkiewicz asserted claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. See id. at 509, 122 S.Ct. 992. Nevertheless, there is little doubt that Swierkiewicz governs complaints in section 1981 discrimination actions. At a minimum, its "reasoning applies to any claim to which the McDonnell Douglas framework is applicable." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1062 (9th Cir.2004); see also Swierkiewicz, 534 U.S. at 513, 122 S.Ct. 992 ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."); cf. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir.2002) (holding that Swierkiewicz overruled the heightened pleading standards imposed by the Ninth Circuit on certain constitutional tort claims). Since we employ McDonnell Douglas's summary judgment evidentiary approach to employment discrimination claims under 42 U.S.C. § 1981, see, e.g., Rodriguez v. Gen. Motors Corp., 904 F.2d 531, 532 (9th Cir.1990), it logically follows that we employ Swierkiewicz's pleadings approach to these claims as well. We therefore hold that in order to survive a Rule 12(b)(6) motion to dismiss, a complaint asserting a claim for employment discrimination pursuant to 42 U.S.C. § 1981 "must contain only `a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz, 534 U.S. at 508, 122 S.Ct. 992, quoting Fed.R.Civ.P. 8(a)(2).
 
 III.
 
 12
 Conceding Swierkiewicz's applicability, Sunrise asserts that the district court in fact faithfully followed it. Our review, however, yields a different conclusion: the district court did not follow the teaching of Swierkiewicz that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." Id. at 515, 122 S.Ct. 992.
 
 
 13
 The district court framed "[t]he critical question" as "whether Maduka has alleged sufficient facts showing that he was similarly situated to a non-African American doctor, but nevertheless received different treatment." It concluded that the Complaint was inadequate under this test because it included "only conclusory allegations of racial discrimination, and ... fail[ed] to allege any fact or facts constituting either direct or circumstantial evidence of discrimination." This approach is inconsistent with Swierkiewicz's willingness to "allow[] lawsuits based on conclusory allegations of discrimination to go forward," id. at 514, 122 S.Ct. 992, and it ignores Swierkiewicz's command that "an employment discrimination plaintiff need not plead a prima facie case of discrimination," id. at 515, 122 S.Ct. 992; see also Edwards, 356 F.3d at 1061 ("Swierkiewicz overruled the ... practice of imposing, at the dismissal stage, the prima facie case framework of McDonnell Douglas ...."). Whether "similarly situated individuals outside [Maduka's] protected class were treated more favorably" is one of the four criteria for a prima facie case under McDonnell Douglas, Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir.2003), but Maduka's Complaint need not satisfy this requirement under Swierkiewicz. Simply put, the district court erred in not applying "the ordinary rules for assessing the sufficiency of a complaint." Swierkiewicz, 534 U.S. at 511, 122 S.Ct. 992.
 
 IV.
 
 14
 We do not determine here whether Maduka's complaint "satisf[ies] only the simple requirements of Rule 8(a)." Id. at 513, 122 S.Ct. 992. Rather, we remand to the district court so that it may do so in the first instance.
 
 
 15
 REVERSED and REMANDED.