Charles D. THOMPSON, Plaintiff—
Appellant,

v.

State of OREGON; et al.,
Defendants—Appellees.

No. 03–35958.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Jas J. Adams, Esq., Salem, OR, for Defendants–Appellees.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Charles D. Thompson appeals pro se the district court's summary judgment for defendants in his employment discrimination action. Thompson alleged that he was not hired as an investigator for the Oregon Liquor Control Commission because of his race. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996), we affirm.

The district court properly granted summary judgment on Thompson's Title VII claim. Thompson failed to rebut the de-

---

7. *Id.*

8. *Id.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fendant's evidence that he was not hired because he received a failing score on an anonymously-graded essay. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660–64 (9th Cir.2002). Thompson's contention that the defendants submitted false information in support of the summary judgment motion is not sufficient to create a genuine issue of material fact. *See Bradley*, 104 F.3d at 270. Accordingly, Thompson's 42 U.S.C. § 1981 claim fails as well. *See Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir.2004) (same burden-shifting analysis applies to Title VII and section 1981 discrimination claims).

The district court did not abuse its discretion by denying Thompson's motion to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002).

Thompson's contention that the district court denied him due process lacks merit.

**AFFIRMED.**