**John PIRGHAIBI; Sandra Pirghaibi, Plaintiffs—Appellants,**

v.

**Robert MOSS, M.D.; Donna Moss; Gordon McGrane; Patricia McGrane; Anna Mae Sheehy, Defendants—Appellees.**

No. 04–56002.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided April 4, 2006.

Tyron J. Sheppard, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

John Hodges, Esq., Arroyo Grande, CA, Christopher J. Duenow, Esq., Cumberland, Coats and Duenow Attorney at Law, San Luis Obispo, CA, Lisa J. Brown, Esq., Gilbeaut, Mahan & Briscoe, Los Angeles, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,** District Judge.

### MEMORANDUM ***

John and Sandra Pirghaibi appeal the district court's grant of a motion to dismiss without leave to amend their civil rights claims under 42 U.S.C. §§ 1981, 1982, and 1985(3). We affirm.

Although we accept as true all allegations of material fact in the Pirghaibis' First Amended Complaint ("FAC"), we may consider acts alleged beyond the two-year statute of limitations, i.e., before August 15, 2001, only as evidence demonstrating motive or providing background for a timely claim. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061–62 (9th Cir.2002). We may not consider, on *Rooker–Feldman* grounds, any of the claims pertaining to the well water sharing agreement that were previously decided by a California state court. *See Fielder v. Credit Acceptance Corp.,* 188 F.3d 1031, 1034–35 (9th Cir.1999). Nor need we decide whether a "hostile environment" claim may be raised outside the workplace environment because the FAC does not plead a " 'sufficiently severe or pervasive' " pattern of racial hostility or abuse, *see McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1113 (9th Cir.2004) (quoting *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)), and because the FAC does not allege a unified pattern of behavior, but rather a series of discrete and independent acts against the Pirghaibis, *see RK Ventures,* 307 F.3d at 1061 n.13.

We agree with the district court that the Pirghaibis' timely allegations against the Appellees fail to allege impairment of particular contractual rights or to raise an inference of intentional and purposeful racial discrimination. *See* 42 U.S.C. § 1981; *Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1313 (9th Cir.1992). The only timely allegation that even pertains to the enforcement of contractual rights is that the Appellees intimidated the Pirghaibis at the September 17, 2001, homeowners' association meeting to discourage them from exercising their contractual rights. This claim, however, lacks any particularized allegation of racial animus. We reject the Pirghaibis' contention that the single bigoted statement by Appellee Donna Moss in 1998, which was not even directed to the Pirghaibis themselves, infused the actions of all Appellees for years to come with a racially discriminatory motive. Therefore, it "appears beyond doubt that [the Pirghaibis] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Maduka v. Sunrise Hosp.,* 375 F.3d 909, 911 (9th Cir.2004) (internal quotation marks omitted).

The Pirghaibis' section 1982 claim is likewise fatally flawed. The allegations in the FAC fail to explain how any of Appellees' acts interfered with their right to "inherit, purchase, lease, sell, hold [or] convey" property. 42 U.S.C. § 1982; *City of Memphis v. Greene,* 451 U.S. 100, 120–23, 101 S.Ct. 1584, 67 L.Ed.2d 769 (1981). Only two alleged acts might even

---

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

possibly implicate a property right. The first, that the homeowners' association president discouraged a prospective buyer from acquiring the Pirghaibis' property, was committed by a non-party to the suit. The second, that Appellees wrongly accused the Pirghaibis of allowing people to recklessly fire weapons on their property, offers no indication that the Pirghaibis' property rights were impaired relative to those of their neighbors. The alleged acts of negligent or intentional tortious trespass by the Appellees may demonstrate animosity toward the Pirghaibis but not on the basis of their race. *W. Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1527 (9th Cir.1990) ("Racial discrimination must be shown to state a colorable Section 1982 claim."). Mere conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Regardless of whether violations of sections 1981 and 1982 can serve as the basis for a § 1985(3) claim, an uncertain proposition under Supreme Court precedent, *see Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 274–75, 278, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), the FAC fails to state a claim for relief under 1985(3). It does not allege within the statute of limitations a conspiracy to violate civil rights, allege a specific act in furtherance of that conspiracy, or identify a racial or class-based animus that inspired the conspiracy. *See Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir.1992). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988).

Furthermore, dismissal without leave to amend was appropriate. The district court provided the Pirghaibis with a "detailed and accurate" explanation of what would be required to cure their initial Complaint; when they again failed to plead adequate facts the second time, dismissal with prejudice was proper. *See Chang v. Chen,* 80 F.3d 1293, 1301 (9th Cir.1996). This ruling does not foreclose the Pirghaibis from renewing their state law claims in state court.

As a final note, we admonish each of the parties and their counsel for their roles in transforming a neighborhood dispute into a federal case. We would urge the participants to resolve their outstanding disputes through mediation or arbitration, and to act civilly to each other in the future.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.