Amos **WALTERS, et al., Plaintiffs,**

v.

**SEATTLE SCHOOL DISTRICT NO. 1, et al., Defendants.**

**Case No. C08–264JLR.**

United States District Court, W.D. Washington, at Seattle.

Sept. 15, 2008.

Brenda Joyce Little, Law Office of Brenda J. Little, Seattle, WA, for Plaintiffs.

Bruce E.H. Johnson, Ambika K. Doran, Davis Wright Tremaine, Tracy M. Miller, Lawrence B. Ransom, Karr Tuttle Campbell, Seattle, WA, for Defendants.

## ORDER

JAMES L. ROBART, District Judge.

This matter comes before the court on Defendant the Seattle Times' motion to dismiss for lack of subject matter jurisdiction and alternatively failure to state a claim upon which relief can be granted (Dkt. # 25). The court has reviewed the papers provided by the parties, heard the argument of counsel and for the reasons that follow GRANTS the motion to dismiss the federal claims against the Seattle Times and declines to exercise supplemental jurisdiction over the remaining state law claims. The court GRANTS Plaintiffs' request for leave to amend. Any amendment to the complaint must be filed within 14 days of the date of this order.

## I. BACKGROUND

Plaintiffs Amos Walters and Laura Fuller were assistant coaches of the girls' basketball teams at Chief Sealth High School ("Chief Sealth"). (Second Am. Compl. ("SAC") (Dkt. # 18) ¶ 1.) It is alleged that in early 2006, the Seattle Times began investigating allegations of a recruiting scandal involving the girls' basketball program at Chief Sealth. (SAC ¶ 29.) Plaintiffs contend that when the recruiting scandal broke in February 2006, the media coverage was focused solely on the African–American coaches, Mr. Amos and Ms. Fuller. (Id.) The complaint references several articles published by the Seattle Times that contain allegedly false information. (See SAC ¶¶ 66, 74–75, 78, 81, 88, 96.) Additionally, Seattle Times' reporters are alleged to have "had clandestine conspiratorial meetings" with an investigator working for the School District. (SAC

¶ 22.) After publication of the articles and an investigation by the Seattle School District, Mr. Amos and Ms. Fuller's coaching contracts with the Seattle School District were not renewed.

## II. ANALYSIS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). In the event dismissal is warranted, however, leave to amend should be granted unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000).

### A. Fourteenth Amendment and 42 U.S.C. § 1983

Plaintiffs allege that they have been deprived of their procedural and substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983. (*See* SAC ¶ 155.) The complaint contains the following specific allegations relevant to this claim:

Seattle Times was acting as a state actor and under color of law when it assisted the Seattle Public Schools, Glenn Nelson, and John Ellis in investigating, reporting, and disseminating false and malicious, and defamatory statements against both Mr. Amos and Ms. Fuller placing them in a false light and publishing confidential information about the investigation before the investigation

was completed violating their substantive and procedural due process rights. Other than their names, everything published about them was false particularly, the fact that they had recruited 12 girls for their basketball team even though the 12 girls signed affidavits alleging th[ey] were not recruited.

Seattle Times ... deprived Mr. Walters and Ms. Fuller of their federal rights of procedural and substantive due process when the Time[ ]s Reporter[ ]s had clandestine conspiratorial meetings with the school's investigator at coffee houses and other locations; assisting the investigator as a state actor under color of state law.

. . .

Seattle Times ... .w[as] involved in a conspiracy involving state action; and deprived Mr. Walters and Ms. Fuller of the 14th Amendment Liberty interest in their reputations, their right to privacy, and procedural and substantive due process rights when they purposely, intentionally, and with malice aforethought and surreptitiously conspired to hide from public view the investigative report which exonerated the assistant coaches and the Human Resource's Director's finding that no recruiting had occurred; thus causing the severe and intentional infliction of emotional distress and isolation from friends and family.

Seattle Times ... w[as] involved in a conspiracy involving state action; and deprived Mr. Walters and Ms. Fuller of the 14th Amendment Liberty interest in their reputations, their right to privacy, and procedural and substantive due process rights when they purposely, intentionally, and with malice aforethought when they acted in concert with private schools and allowed the private schools to hire John Ellis to report to them about the private nature of the investi-

gation of Mr. Walters and Ms. Fuller. The Defendant Times involved themselves into a conspiracy to deny Mr. Amos and Ms. Fuller procedural and substantive due process rights and their right to privacy and not to be portrayed in a false light.

Seattle Times ... w[as] involved in a conspiracy involving state action; and deprived Mr. Walters and Ms. Fuller of the 14th Amendment Liberty interest in their reputations, their right to privacy, and procedural and substantive due process rights when they purposely, intentionally, and with malice aforethought and surreptitiously conspired to [sic] when they portrayed Mr. Walters and Ms. Fuller in a false light privacy when it ran several stories that contained several inaccuracies regarding the number of girls they allegedly recruited, lease agreements, car payments, trips, clothing, meals, and promises of scholarships and by publishing the false light stories. Their actions caused Mr. Walters and Ms. Fuller to suffer outrage, mental distress, shame and humiliation.

(SAC ¶¶ 21–22, 24–27.)

The Seattle Times argues that these claims fail because they are frivolous and do not state a claim upon which relief can be granted. (Mot. at 13–16.) They also contend that Plaintiffs have not alleged a deprivation of a liberty or property interest protected by the Constitution.

█ The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Id.* It appears from a liberal reading of the complaint

that Plaintiffs assert what they believe are three liberty or property interests: (1) right to their reputations; (2) right to privacy; and (3) right to continued employment by the School District. At oral argument Plaintiffs clarified that they were claiming a property interest only in their reputations.

█ The Times argues that Plaintiffs have not properly pleaded a conspiracy between it and state actors. "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002). In *Woodrum v. Woodward County, Okla*, 866 F.2d 1121, 1126 (9th Cir.1989), a case decided on a motion to dismiss, the Ninth Circuit held that to prove a conspiracy under § 1983 "an agreement or meeting of minds to violate [Plaintiffs'] constitutional rights must be shown." The Ninth Circuit also teaches that: "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989). The Seattle Times contends that Plaintiffs' conspiracy claims are wholly conclusory and do not allege facts supporting the existence of a conspiracy. It is correct. Besides using the words "conspired," "conspiracy" and "conspiratorial" the complaint does nothing to inform the court regarding any agreement or meeting of the minds between the School District and the Seattle Times or any of the other defendants to violate Plaintiffs' constitutional rights. Additionally, the three paragraphs, 48, 80 and 89, cited by Plaintiffs at oral argument to support the conspiracy claim are not sufficient to state a § 1983 conspiracy claim against the Seattle Times. The court grants the Seattle

Times' motion to dismiss the Fourteenth Amendment and § 1983 claims.

## B.   42 U.S.C. § 1981

In their complaint, Plaintiffs allege the following:

Seattle Times, Seattle Public Schools, John Ellis, and Glenn Nelson were involved in a conspiracy involving state action; and deprived Mr. Walters and Ms. Fuller 42 U.S.C. § 1981(b)(c) [sic] because they conspired and actively pursued the termination of Mr. Walters' and Ms. Fuller's contracts and diminish [sic] the enjoyment of all benefits, privileges, terms, and conditions of their contractual relationship with Seattle Public Schools, including the track team contracts, but not act conspire [sic] to terminate the contracts of the two white coaches who were part of the coaching staff or put them or their reputations in a false light. Their rights are protected against impairment by nongovernmental discrimination and impairment under the color of law.

(SAC ¶ 27.) The Seattle Times argues that Plaintiffs' claims are frivolous because they provide only a conclusory allegation of conspiracy and there is no contract with which the Times interfered. (Mot. at 16–17.)

█ As the Supreme Court explains, § 1981 "protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474–75, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006). The phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The statute covers both "nongovernmental discrimination" and "impairment under color

of State law." 42 U.S.C. § 1981(c). Any claim brought under § 1981 "must initially identify an impaired 'contractual relationship'" under which the Plaintiffs have rights. *Domino's Pizza,* 546 U.S. at 476, 126 S.Ct. 1246. Contrary to the Seattle Times' assertions, Plaintiffs' complaint need not contain specific facts establishing a prima facie case in order to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Maduka v. Sunrise Hosp.,* 375 F.3d 909, 912 (9th Cir. 2004). Plaintiffs need only provide a short plain statement of their claim.

█ Plaintiffs do not have a contract with the Seattle Times. Their § 1981 claim is based on an alleged conspiracy between the Seattle Times and the Seattle School District, among others, to deprive Plaintiffs of their right to make and enforce contracts. At oral argument Plaintiffs stated that they base their claim also on allegations that the Seattle Times took independent action to interfere with Plaintiffs' contracts by advocating for the dismissal of Mr. Amos and Ms. Fuller. As discussed above, Plaintiffs' conclusory conspiracy allegations are insufficient to state a claim. This leaves the allegation regarding the Times' advocacy for Plaintiffs' dismissal. The court has scoured the complaint looking for such an allegation and has been unable to find it. The court will not address the sufficiency of an allegation not contained in the complaint. As a result, Plaintiffs' § 1981 claim against the Seattle Times fails. The court dismisses the § 1981 claim against the Seattle Times.

## C.   State Law Claims

Having dismissed the federal claims against the Seattle Times, without passing on the merits of the state law claims, the

court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c).

### D.  Motion to Strike

Plaintiffs' response to the motion to dismiss states that it is also a motion to strike. In the motion Plaintiffs state: "When [the] legal sufficiency of a complaint's allegation is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'" (Resp. (Dkt. # 33) at 12.) Plaintiffs do not specify to what materials their motion refers. The court did not rely on any materials outside the complaint in determining the Seattle Times' motion to dismiss. The court denies Plaintiffs' motion to strike.

### III.  CONCLUSION

For the foregoing reasons, this court DISMISSES the federal claims against the Seattle Times without prejudice for failure to state a claim and declines to exercise jurisdiction over the remaining state law claims, dismissing those claims without prejudice. Plaintiffs' motion to strike is DENIED. The court GRANTS Plaintiffs' request for leave to amend. Any amendment to the complaint must be filed within 14 days of the date of this order.