**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KERLINE ASTRE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>SUSAN MCQUAID; et al.,<br><br>        Defendants-Appellees. | No.    18-17231<br><br>D.C. No. 3:18-cv-00138-WHO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted March 6, 2020
San Francisco, California

Before: WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

Kerline Astre appeals the district court's order and judgment dismissing with

prejudice the federal claims she asserted in her Third Amended Complaint (TAC)

against Susan McQuaid, James Findlay, Marin CASA, the California CASA

Association (Cal CASA), and Marin County Superior Court Judge Beverly Wood.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review de novo the district

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). We may "affirm the district court's dismissal on any ground supported by the record." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). We affirm.

1.     The district court properly dismissed the 42 U.S.C. § 1981 claims. A plaintiff asserting a § 1981 claim must initially identify an impaired contractual relationship under which the plaintiff has rights. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). The plaintiff must also plausibly allege that the defendant impaired that relationship on account of intentional discrimination. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pa.*, 458 U.S. 375, 391 (1982) (holding that "§1981 . . . can be violated only by purposeful discrimination").

The § 1981 claims concern alleged impairments to Astre's employment contract with Marin Advocates for Children (MAC) by the Defendants.[1] Astre does not challenge the district court's dismissal of the § 1981 claims against Findlay, Cal

---

[1] We recognize that a plaintiff may assert employment-based theories of racial discrimination in a § 1981 claim. *See Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (recognizing that § 1981 covers hostile work environment, and wrongful termination claims); *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 795 (9th Cir. 2003) (stating that "§ 1981 encompasses retaliation and hostile work environment claims"). However, we reject Astre's reliance on these theories in this case because none of the Defendants was Astre's employer.

CASA, or Judge Wood. We therefore do not consider them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."). The § 1981 claim against Marin CASA fails because Astre made no allegations showing that Marin CASA impaired her contractual relationship with MAC on account of her race, through its own or any individual's conduct.[2]

With respect to the § 1981 claim against McQuaid, Astre alleged facts sufficient to give rise to an inference of intentional discrimination.[3] Astre, however, failed to plausibly allege that McQuaid's actions impaired her contractual relationship with MAC. The MAC Board of Directors repeatedly rebuffed McQuaid's demands, resulting in McQuaid's decision to cease her role as a MAC

---

[2] Astre's reliance on alter ego, integrated enterprise, and successor liability theories against Marin CASA is unavailing. Assuming *arguendo* that these theories apply, we affirm dismissal of the § 1981 claim against Marin CASA because Astre failed to plausibly allege that any conduct motivated by intentional discrimination impaired her contractual relationship with MAC.

[3] Although the district court also properly concluded that Astre sufficiently pleaded that McQuaid acted with racially discriminatory purpose, the district court erroneously invoked the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Applying that standard, the court determined that "[a]s required under the *McDonnell Douglas* framework, McQuaid offers 'legitimate, nondiscriminatory reason[s]' for her actions." To be clear, the *McDonnell Douglas* framework is a summary judgment "evidentiary standard, *not* a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) (emphasis added). In light of *Swierkiewicz*, this court has made clear that the evidentiary strictures of *McDonnell Douglas* do not determine the sufficiency of a § 1981 claim. *See Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912–13 (9th Cir. 2004).

donor and volunteer in December 2016.

Ultimately, the § 1981 claims in this case are "implausible" because the "complaint identifies independent non-discriminatory reasons for" the alleged impairment resulting from MAC's decertification as the designated CASA program for Marin County. *FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 622 (8th Cir. 2019). "[A] plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, No. 18-1171, slip op. at 13 (U.S. Mar. 23, 2020). Here, however, Astre expressly alleged that Judge Wood, at or with the request of Cal CASA, decided to decertify MAC due to a lack of community support. These allegations do not give rise to a plausible inference that McQuaid's alleged racially discriminatory actions caused the alleged impairment to Astre's contractual relationship with MAC.[4]

The district court properly dismissed the 42 U.S.C. § 1983 claims based on alleged § 1981 and Fourteenth Amendment violations. "Section 1983 . . . is not itself

---

[4] We also reject Astre's speculation during oral argument about the possible collateral estoppel effect in her favor of a California Court of Appeal decision concerning the propriety of an award of attorney's fees on state law claims to the only defendants there—McQuaid and Findlay. *See Astre v. McQuaid*, No. A154945, 2019 WL 5654260 (Cal. Ct. App. 2019) (unpublished). Even taking judicial notice of that decision, it does not affect our analysis here. Neither Judge Wood nor Cal CASA were defendants in that action, nor did the decision address or concern any of Astre's allegations that bear on our resolution of the federal claims in this case. *Id.* at 3 n.6.

4

a source of substantive rights, but is a mechanism for vindicating federal statutory or constitutional rights." *Stilwell v. City of Williams*, 831 F.3d 1234, 1240 (9th Cir. 2016). The § 1983 claims premised on § 1981 violations fail because Astre failed to state § 1981 claims. Astre failed to challenge the dismissal of her § 1983 claims based on alleged Fourteenth Amendment violations in her opening brief, and thus waived the issue. *Indep. Towers of Wash.*, 350 F.3d at 929.

2. The district court properly dismissed the 42 U.S.C. § 1985(3) claims against Findlay, McQuaid, and Marin CASA. A plaintiff cannot state a § 1985 claim when the plaintiff fails to allege the deprivation of a federal right. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." (citation omitted)). The § 1985(3) claims fail because Astre did not state any §§ 1981 or 1983 claims.

3. The district court properly dismissed the 42 U.S.C. § 1986 claims against Cal CASA and Judge Wood. "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Because the complaint lacked a valid § 1985(3) claim, the § 1986 claims necessarily fail.

4. We affirm the district court's dismissal of the 42 U.S.C. § 2000(d) claim against Marin CASA for racial discrimination in grants because Astre did not

5

challenge the dismissal of that claim in her opening brief. *Indep. Towers of Wash.*, 350 F.3d at 929.

5.       Finally, we affirm the district court's decision to decline supplemental jurisdiction over the state law claims because Astre failed to state any federal claim. Astre does not contest that this was proper. We decline to address all other issues asserted on appeal because it is unnecessary for us to do so.

**AFFIRMED.**