NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DATA SCAPE LIMITED,**
*Plaintiff-Appellant*

**v.**

**WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC.,**
*Defendants-Appellees*

_____

2019-2161

_____

Appeal from the United States District Court for the Central District of California in No. 8:18-cv-02285-DOC-KES, Judge David O. Carter.

_____

Decided: July 1, 2020

_____

MARC AARON FENSTER, Russ August & Kabat, Los Angeles, CA, for plaintiff-appellant. Also represented by PAUL ANTHONY KROEGER, REZA MIRZAIE, BENJAMIN T. WANG.

STANLEY MARTIN GIBSON, Jeffer Mangels Butler & Mitchell, Los Angeles, CA, for defendants-appellees. Also represented by GREGORY S. CORDREY, Irvine, CA.

_____

Before LOURIE, DYK, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Data Scape Ltd. owns U.S. Patent Nos. 8,386,581 (the '581 patent), 7,720,929 (the '929 patent), 7,617,537 (the '537 patent), and 9,715,893 (the '893 patent) (collectively, the Asserted Patents), which describe and claim methods, systems, and apparatuses for transferring music from one device onto another device. '929 patent col. 2 ll. 43–47; '893 patent col. 1 ll. 41–44. The '581, '929, and '537 patents all share a common specification and priority date and are collectively referred to as the Morohashi Patents. *Data Scape Ltd. v. Western Digital Corp.*, No. 8:18-cv-02285-DOC-KES, 2019 WL 4145245, at *1 (C.D. Cal. May 17, 2019) (ECF 41) (*Motion to Dismiss*). The '893 patent is part of a separate, but similar patent family directed to the same subject matter. *Id.*

Data Scape sued Western Digital Corporation and Western Digital Technologies, Inc. (collectively, Western Digital) in the United States District Court for the Central District of California, alleging that Western Digital infringed the Asserted Patents. The district court held the claims of the Asserted Patents invalid under 35 U.S.C. § 101 and dismissed the complaint with prejudice. *Motion to Dismiss* at *8. Data Scape filed a motion to alter or amend the judgment and allow Data Scape to file an amended complaint, which the district court denied. *Data Scape Ltd. v. Western Digital Corp.*, No. 8:18-cv-02285-DOC-KES, 2019 WL 6391616, at *10 (C.D. Cal. July 12, 2019) (ECF 53) (*Motion to Alter*). Data Scape appeals. We affirm.

BACKGROUND

A

The Morohashi patents describe the "cumbersome" problem, when seeking to transfer several songs from a

server to a playback device, of "selecting pieces of music []
to be transferred piece by piece." '929 patent col. 2 ll. 24–
29. "[T]o solve this problem," according to the Morohashi
patents, "a list of selected pieces of music from the musical
data stored in the music server is created and the selected
musical data on the list is transferred in a batch operation."
*Id.* at col. 2 ll. 30–34. Like the Morohashi patents, the '893
patent is focused on the selective transfer of music files
from a first storage medium to a second storage medium,
in which the transfer process, to avoid unnecessary dupli-
cation, automatically checks to ensure that a particular file
is not already stored on the second storage medium before
transferring (*i.e.*, "ripping") that file. '893 patent col. 1 l.
63–col. 2 l. 4.

Claim 19 of the '929 Morohashi patent is illustrative
for purposes of this appeal:

19. A communication method, comprising the steps
of:

editing management information of data to
be transferred from an apparatus to an ex-
ternal apparatus by selecting certain data
to be transferred, said management infor-
mation stored in a storage medium of the
apparatus, without regard to the connec-
tion of said apparatus and said external ap-
paratus;

detecting, at the apparatus, whether said
apparatus and said external apparatus are
connected;

comparing at the apparatus, said edited
management information with manage-
ment information of data stored in said ex-
ternal apparatus; and

transmitting the selected data from said
apparatus to said external apparatus based

> on said management information and a result of the comparison when said detection indicates that said apparatus and said external apparatus are connected.

'929 patent claim 19.

### B

In December 2018, Data Scape filed a complaint in the Central District of California, alleging infringement of the Asserted Patents. Western Digital moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims of the Asserted Patents were invalid under 35 U.S.C. § 101 because the claims were directed to an abstract idea implemented using generic computer processes. The district court granted the motion to dismiss with prejudice. *Motion to Dismiss* at \*8. Subsequently, Data Scape filed a motion to alter the judgment, requesting leave to amend the complaint. The district court denied the motion, finding the amended complaint futile. *Motion to Alter* at \*10.

Data Scape timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

### DISCUSSION

On appeal, Data Scape argues that the claims of the Asserted Patents are not directed to an abstract idea and, in any event, include inventive concepts. Data Scape further contends that the district court erred in holding all the Asserted Patents' claims ineligible when the district court and Western Digital only substantively addressed claim 19.

We review Rule 12(b)(6) dismissals under the law of the appropriate regional circuit. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1124 (Fed. Cir. 2018). The Ninth Circuit reviews such dismissals de novo. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008).

Like the district court, we must "take all well pleaded allegations of material fact as true and construed in [Data Scape's] favor." *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008) (citing *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911 (9th Cir. 2004)).

Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor." 35 U.S.C. § 101. But the provision "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (internal quotation marks omitted). A claim is invalid under § 101 where (1) it is "directed to" a patent-ineligible concept, such as an abstract idea, and (2) the particular elements of the claim, considered "both individually and as an ordered combination," do not add enough to "transform the nature of the claim into a patent-eligible application," *i.e.*, do not set forth an "inventive concept." *Alice*, 573 U.S. at 217 (internal quotation marks omitted); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166–67 (Fed. Cir. 2018).

## A

Under the first step of the *Alice* inquiry, we agree with the district court that the claims of the Asserted Patents are directed to the abstract idea of selective data storage, transfer, and processing. *Motion to Dismiss* at *8. We have previously held that "[t]he concept of data collection, recognition, and storage is undisputedly well-known." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014); *see also Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1315 (Fed. Cir. 2019) ("The asserted claims are drawn to the idea of capturing and transmitting data from one device to another."). We have also held more specifically that "the concept of delivering user-selected media content to portable devices is

an abstract idea." *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016). Despite Data Scape's contentions, the Asserted Patents are not directed to any improvement in how a computer functions but merely use computers for their standard functions of storing, transferring, and processing data. *See SAP*, 898 F.3d at 1168. The claims here do not differ materially from prior data transfer claims we have held were directed to abstract ideas.

B

As for the second step of the *Alice* inquiry, the claims lack any inventive concept that would transform their subject matter into something more than the abstract idea. Claim 19 of the '929 patent generically recites editing information, detecting the connection of one apparatus to another, comparing data on the two devices, and transmitting selected data from one apparatus to another. '929 patent claim 19. Similar to previous cases, nothing in the claims "requires anything other than conventional computer and network components operating according to their ordinary functions." *Two-Way Media Ltd. v. Comcast Cable Comm'ns, LLC*, 874 F.3d 1329, 1339 (Fed Cir. 2017); *see also SAP*, 898 F.3d at 1170; *Affinity Labs*, 838 F.3d at 1271. Such claims fail under *Alice*.

C

The district court did not err in holding all the claims of the Asserted Patents invalid. The court correctly determined that Western Digital substantively challenged all the Asserted Patents' claims. *Motion to Dismiss* at *4; J.A. 216–18 (explaining the various similarities in the Morohashi Patents of the different apparatus claims and that the method claims directly correspond to the functional language used in the apparatus claims), 220–21 ("Because the claims of the '893 Patent recite the same generic steps of transferring selected data from one source to another as recited in [the] Morohashi patents, claim 19 of the '929

Patent is representative of the claims in the Asserted Patents."), 225, 235–37.  Although Data Scape disputes that claim 19 of the '929 patent is representative, it presented no separate argument for the eligibility of any claim aside from claim 19 in its opposition to the motion to dismiss. Data Scape's only statement about the claims themselves merely states that "even a cursory review of the independent claims, much less their dependents, prove there is significant non-overlap in claim elements in the *Morohashi* patent family alone—and very little overlap at all between that family and the claims of the *Hirano* '893 patent."  *Id.* at 304.  Because Data Scape did not present any "meaningful argument for the distinctive significance of any claim limitations" not found in claim 19, the district court did not err in treating claim 19 as representative.  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

The district court also did not err in denying Data Scape leave to amend its complaint, finding that it would have been futile.  We agree with the district court that Data Scape's "amendments do not remedy the deficiencies in its Complaint" and that as such Data Scape "failed to demonstrate that leave to amend would have been anything but futile."  *Motion to Alter* at *10.  For example, Data Scape's citations to patents from other companies citing various Data Scape patents do nothing to suggest the Asserted Patents accomplished a technical solution.  *See, e.g.*, J.A. 844–45 (citing U.S. Patent No. 7,546,353; and U.S. Patent Application Nos. 2006/0288036 and 2008/0086494).  These patents merely happen to cite similar Data Scape patents, and in one case one of the Asserted Patents, and discuss challenges in the technical space.  Moreover, Data Scape proposed certain claim constructions that the district court correctly found would have led to the same result.  Nothing in Data Scape's proposed amendments would create a factual issue sufficient to overcome a motion to dismiss, rendering the amended complaint futile.  *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A

district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile."); *see also Cellspin,* 927 F.3d at 1317–18 (requiring "plausible and specific factual allegations that aspects of the claims are inventive" to defeat a motion to dismiss).

## CONCLUSION

We have considered Data Scape's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED**