**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER SMITH,

Plaintiff - Appellant,

v.

NEVADA DEPARTMENT OF MOTOR
VEHICLE OFFICE; JULIE BUTLER,

Defendants - Appellees.

No. 24-5060

D.C. No.
2:23-cv-01559-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 12, 2025
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

Plaintiff-Appellant Christopher Smith appeals the district court's order that

dismissed his claims for employment discrimination against the Nevada Department

of Motor Vehicles (DMV) and its director Julie Butler. Smith alleged race

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeffrey Vincent Brown, United States District Judge for
the Southern District of Texas, sitting by designation.

discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The district court dismissed Smith's complaint against Butler because of insufficient service of process, and it dismissed with prejudice his complaint against the DMV for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction to review those final orders pursuant to 28 U.S.C. § 1291.

We review a district court's decision to dismiss a defendant for defective service of process for abuse of discretion. *See Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We review de novo a district court's decision on a Rule 12(b)(6) motion to dismiss, accepting all facts alleged in the complaint as true and drawing any reasonable inferences from those facts in the plaintiff's favor. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Applying those standards here, we affirm in part, reverse in part, and remand.

1. The district court did not abuse its discretion in dismissing the complaint against Butler based on Smith's failure to serve process on her consistent with Nevada service of process law.[1] On appeal, Smith does not meaningfully dispute that he failed to meet the requirements of Nevada's service of process rules, which

---

[1] Because Smith originally filed this action in Nevada state court, we assess the sufficiency of service under Nevada law rather than the Federal Rules of Civil Procedure. *See Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993).

require a public official sued in her official capacity to be served twice—once to the Nevada attorney general, and once personally (or to someone authorized to receive service on her behalf). Nev. R. Civ. P. 4.2(d)(2). Smith principally argues that the district court should have quashed service and allowed him to re-effectuate service of process on Butler because she had actual notice of the lawsuit. But Smith does not provide any evidence for the proposition that Butler had actual notice, and, even had he done so, we are not persuaded that such actual notice would have obligated the district court to quash service and allow him to try again. *See S.J. v. Issaquah Sch. Dist.*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he district court has discretion to dismiss an action or to quash service."). Particularly because Smith's complaint alleges no facts specific to Butler's conduct, and she does not appear to have been personally involved in the employment decisions at issue, we discern no abuse of discretion in the district court's decision to dismiss the complaint against Butler rather than to quash service. We therefore affirm the dismissal of Butler as a defendant.

2. The district court did err, however, in dismissing Smith's Title VII and ADEA claims against the DMV. In particular, the district court made three erroneous conclusions based on Smith's complaint, which we address in turn.

*First*, the district court was incorrect to conclude Smith's complaint did not plausibly allege he was qualified for the supervisory promotion he sought, which

was instead given to Michael Ferriolo. Smith's complaint contained the allegation that "any supervisory experience that Smith lacked over Ferriolo was far outweighed by [Smith's] other qualifications and experience." We do not agree with the district court that this allegation amounted to an admission that Smith was unqualified for the position. In the light most favorable to Smith, all that can be inferred from the facts alleged in the quoted paragraph is that Ferriolo had more supervisory experience than Smith had, not that Smith had no supervisory experience. The complaint also supports an inference that supervisory experience was relevant to the position, but that alone does not establish that it was a strict requirement. Thus, even if the complaint did confess that Smith had no supervisory experience, that would not compel the conclusion that he was unqualified. Smith plausibly alleged that he was qualified for the position by alleging specific facts: that he had more experience in the DMV Compliance Enforcement Division than Ferriolo, that he had a good record in closing his assigned cases, that he had received numerous awards and was "recognized both orally and in writing by other DMV programs," and that he was actually interviewed for the position.

*Second*, the district court erred in dismissing Smith's Title VII claim on the ground that he failed to allege that he and Ferriolo were "similarly situated." Here again the district court over-read Smith's allegation about a relative difference in supervisory experience between himself and Ferriolo. As we stated above, the most

that can be inferred from this fact is that the two men were different in at least one respect. That does not conclusively establish that Smith and Ferriolo were not similarly situated, which is an inquiry that entails examination of evidence to determine what similarities and differences between them were "material" to the employment decision at issue. *See Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125–26 (9th Cir. 2009) (assessing material similarity at summary judgment). For the same reasons that Smith's allegations were sufficient to allege that he was qualified, they were sufficient to support an inference that Smith's other qualifications and experience made up for the gap in supervisory experience. Further, while Smith may eventually have to proffer evidence that he and Ferriolo were similarly situated at summary judgment, a plaintiff is not strictly required to allege all elements of a prima facia discrimination case at the pleading stage. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012); *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004) (stating that a discrimination complaint need not necessarily allege a similarly situated comparator at the pleadings stage).[2]

---

[2] The burden-shifting framework established in *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also Austin v. Univ. of Ore.*, 925 F.3d 1133, 1136–37 (9th Cir. 2019). "Moreover, the precise requirements of a prima facie case can vary with the context and were never intended to be rigid, mechanized, or ritualistic." *Swierkiewicz*, 534 U.S. at 512 (internal quotations omitted). Instead, we use the prima facie elements as a guide to evaluate, holistically, whether the complaint

*Third*, the district court erroneously dismissed Smith's ADEA claim because he failed to allege Ferriolo's age. Smith alleged that Ferriolo was "substantially younger" than Smith. The district court thought that this allegation was "conclusory" and therefore did not afford it any weight. But there is no requirement that a Plaintiff in an ADEA case must know and allege the precise age of the employee who received more favorable treatment. Ferriolo's age is readily ascertainable in discovery, and while his age relative to Smith is legally relevant, it is a fact, not solely a legal conclusion.

To summarize, Smith's complaint establishes "an 'entirely plausible scenario' of employment discrimination." *Sheppard*, 694 F.3d at 1050 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)). In other words, Smith has pleaded "enough details about the subject matter of the case to present a story that holds together . . . [that he] was employed by [the DMV], that a promotion was offered, that [he] applied and was qualified for it, and that the job went to someone else" who was not part of his protected class and was of a younger age. *See Swanson*, 614 F.3d at 404. Accordingly, we reverse the dismissal of Smith's Title VII and ADEA claims against the DMV and remand for further proceedings consistent with this disposition.[3]

---

contains sufficient factual content to put forward a "plausible" or "straightforward" case of discrimination. *Sheppard*, 694 F.3d at 1050. Here, it does.

[3] The parties will bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part, REVERSED in part, and REMANDED.**