**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KATHRYN SHEPPARD,
                    *Plaintiff-Appellant,*

v.

DAVID EVANS AND ASSOC., an
Oregon corporation,
                    *Defendant-Appellee.*

No. 11-35164

D.C. No.
3:10-cv-00276-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
July 11, 2012—Portland, Oregon

Filed September 12, 2012

Before: Betty B. Fletcher and Harry Pregerson,
Circuit Judges, and Donald E. Walter,
Senior District Judge.*

Opinion by Judge Pregerson

*The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for Western Louisiana, sitting by designation.

11167

## COUNSEL

Glenn N. Solomon, Portland, Oregon, for the plaintiff-appellant.

Victor Kisch, P.K. Runkles-Pearson, Stoel Rives LLP, Portland, Oregon, for the defendant-appellee.

P. David Lopez, General Counsel, Lorraine C. Davis, Acting Associate General Counsel, Daniel T. Vail, Attorney, United

States Equal Employment Opportunity Commission, Office of General Counsel, Washington, D.C., for amicus curiae United States Equal Employment Opportunity Commission.

Todd A. Hanchett, Brenda K. Baumgart, Barran Liebman LLP, Portland, Oregon, for amicus curiae Oregon Association of Defense Counsel.

---

## OPINION

PREGERSON, Circuit Judge:

In 2010 Plaintiff-Appellant Kathryn Sheppard ("Sheppard") filed a complaint in federal district court against her former employer, David Evans and Associates ("Evans"). The complaint alleged causes of action for: (1) employment discrimination under the Age Discrimination in Employment Act ("ADEA"); and (2) "wrongful discharge" under Oregon law. The district court dismissed Sheppard's complaint, with leave to amend, for failure to state a claim under Federal Rule of Civil Procedure 8(a)(2). Sheppard then filed an amended complaint alleging the same causes of action and adding some factual details. The district court dismissed Sheppard's amended complaint with prejudice concluding she had "failed to plead any cause of action with sufficient factual detail to state a claim," and therefore failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Sheppard appeals the district court's ruling.

As discussed below, we conclude that Sheppard's amended complaint, while brief, nonetheless satisfies Rule 8(a)(2)'s pleading standard. Accordingly, we reverse the district court's dismissal of Sheppard's amended complaint.

## BACKGROUND

The allegations in Sheppard's amended complaint are recounted verbatim below:

1. Plaintiff, (Sheppard) is an adult female citizen in the federally protected age group under the ADEA, 29 USC 621 et seq. She is over the age of forty.

2. Defendant, (Evans) is an Oregon corporation that does business in Portland, Oregon.

3. Sheppard worked for Evans as an Executive Administrative Assistant from 11/28/05 to 2/2/09.

4. Sheppard was involuntarily terminated from her position by Evans.

5. At all material times her performance was satisfactory or better. She received consistently good performance reviews.

6. At the time of her termination there were five comparators employed by Evans in Oregon of which Sheppard was the oldest.

7. [Sheppard's] younger comparators kept their jobs.

8. Age was a determining factor in the decision to terminate Shepard.

9. Prior to her termination, Sheppard requested Family Medical Leave for a serious illness. She qualified for both Oregon Family Medical Leave and federal Family Medical Leave.

10. In so doing Shepard was [pursuing] a right of public importance that belonged to her as an employee.

11. Sheppard was terminated immediately after she scheduled the surgery for which she requested Family Medical Leave.

12. [Sheppard's] attempt to use Family Medical Leave was a substantial motivating factor for her termination.

13. Sheppard was terminated because she pursued a right of public importance, Family Medical Leave, that belonged to her as an employee.

14. Sheppard's termination was therefore a wrongful act in violation of public policy under Oregon law.

15. [Sheppard] has met all administrative exhaustion requirements under the Age Discrimination in Employment Act, and this complaint is timely filed.

16. As a result of her termination Sheppard lost and continues to lose wages and benefits.

17. As a result of her termination Sheppard suffered and continues to suffer emotional pain and a sense of degradation.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). The facts in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

## DISCUSSION

[1] Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this rule, a claim must contain "more than labels and conclusions" or a "formulaic recitation of the ele-

ments of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to satisfy Rule 8(a)(2), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although this standard requires that a claim be "plausible on its face," it does not require that a complaint contain "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). As the text of Rule 8(a)(2) itself makes clear, even a "short and plain" statement can state a claim for relief. *See* Fed. R. Civ. P. 8(a)(2). Here, as discussed below, Sheppard's two-and-one-half page complaint, while brief, nonetheless satisfies Rule 8(a)(2)'s pleading standard.

## I.  Sheppard's Amended Complaint Contains a Plausible Claim of Age Discrimination under the ADEA

**[2]** The ADEA prohibits an employer from, among other things, "discharging" an employee who is over forty years of age "because of" the employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). Under a "disparate treatment"[1] theory of discrimination, a plaintiff in an ADEA case can establish age discrimination based on: (1) "circumstantial evidence" of age

---

[1]A plaintiff in an employment discrimination case can proceed under two theories of employment discrimination: "disparate treatment and disparate impact." *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004) (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993)). "Disparate treatment is demonstrated when the employer simply treats some people less favorably than others because of [a protected characteristic]." *Id.* (internal marks and quotation marks omitted). "Disparate impact" is demonstrated when "employment practices that are facially neutral in their treatment of different groups . . . fall more harshly on one group than another and cannot be justified by business necessity." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (internal quotation marks omitted). Because Sheppard's amended complaint does not contain any allegation regarding a "facially neutral" employment practice, we analyze Sheppard's claim under a "disparate treatment" theory of discrimination.

discrimination; or (2) "direct evidence" of age discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (discussing circumstantial evidence of age discrimination); *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 811 (9th Cir. 2004) (discussing direct evidence of age discrimination). Here, Sheppard's two-and-a-half page amended complaint, while brief, alleges a plausible claim of age discrimination based on circumstantial evidence of discrimination.

Claims of age discrimination based on circumstantial evidence are analyzed under the "three-stage burden shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Diaz*, 521 F.3d at 1207. Under the *McDonnell Douglas* framework:

> [T]he employee must first establish a prima facie case of age discrimination. If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination.

*Diaz*, 521 F.3d at 1207. To establish a prima facie case of discrimination, a plaintiff must allege in her complaint that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) discharged; and (4) "either replaced by [a] substantially younger [employee] with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Id.* (emphasis added) (internal quotation marks omitted). "An inference of discrimination can be established by showing the employer had a continuing need for the employee['s] skills and services in that their various duties were still being performed . . . or by showing that others not in their protected class were

treated more favorably." *Id*. at 1207-08 (internal marks and quotation marks omitted).

**[3]** Here, Sheppard's amended complaint alleges a "plausible" prima facie case of age discrimination. Her complaint alleges that: (1) she was at least forty years old; (2) "her performance was satisfactory or better" and that "she received consistently good performance reviews"; (3) she was discharged; and (4) her five younger comparators kept their jobs.

Sheppard's allegation that her five younger comparators kept their jobs gives rise to an "inference of age discrimination" because it plausibly suggests that Evans "had a continuing need for [Sheppard's] skills and services [because her] various duties were still being performed." *See Diaz*, 521 F.3d at 1207 (internal marks and quotation marks omitted). It also plausibly suggests that employees outside her protected class "were treated more favorably" than Sheppard. *See id*.

**[4]** Although Sheppard's complaint is brief, her allegations are sufficient to state a prima facie case of discrimination. As the Seventh Circuit has explained:

> [I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet [her] burden than it was before the [Supreme] Court's recent decisions [in *Iqbal* and *Twombly*]. A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what 'really' went on in [the] plaintiff's case.

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010). Like the Seventh Circuit's hypothetical, Sheppard's complaint puts forward a "straightforward" case of discrimi-

nation. She alleges that she was over forty and "received consistently good performance reviews," but was nevertheless terminated from employment while younger workers in the same position kept their jobs. This is an "entirely plausible scenario" of employment discrimination. *Swanson*, 614 F.3d at 404-05.[2]

## II.  Sheppard's Amended Complaint Contains a Plausible Claim for Wrongful Discharge

### A.  *"Wrongful Discharge" Under Oregon Law*

Under Oregon law "an employer may discharge an employee at any time, for any reason, unless doing so violates a contractual, statutory or constitutional requirement." *Yeager v. Providence Health Sys. Oregon*, 96 P.3d 862, 865 (Or. Ct. App. 2004) (internal quotation marks omitted). The tort of wrongful discharge provides an exception to this general rule. *Estes v. Lewis & Clark Coll.*, 954 P.2d 792, 796 (Or. Ct. App. 1998). An employee may bring a claim for wrongful discharge "when the discharge is for exercising a job-related right that reflects an important public policy." *Yeager*, 96 P.3d at 865 (internal citations omitted).[3] Examples of "exercising a job-related right that reflects an important public policy," include an employee filing for workers compensation, *see*

---

[2]A plaintiff in an ADEA case is *not required* to plead a prima facie case of discrimination in order to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508-11 (2002). Nevertheless, in situations such as this, where a plaintiff pleads a plausible prima facie case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss. *See Swanson*, 614 F.3d at 404-05.

[3]An employee may also bring a claim for wrongful discharge when she was discharged "for fulfilling some important public duty." *Babick v. Oregon Arena Corp.*, 40 P.3d 1059, 1062 (Or. 2002). Examples of a "public duty" wrongful discharge include discharge for refusing to defame another employee, *see Delaney v. Taco Time Int'l*, 618 P.2d 114 (Or. 1984), or discharge for serving on jury duty, *see Nees v. Hocks*, 536 P.2d 512 (Or. 1975). *Id*. This type of wrongful discharge is not at issue in this appeal.

*Brown v. Transcon Lines*, 588 P.2d 1087 (Or. 1978), or an employee taking leave under the Oregon Family Leave Act, *see Yeager*, 96 P.3d 862.

**[5]** To prevail on a claim of wrongful discharge, a plaintiff "must establish a 'causal connection' between a protected activity and the discharge." *Estes*, 954 P.2d at 796-97 (quoting *Shockey v. City of Portland*, 837 P.2d 505, 507 (Or. 1992)). A "causal connection" requires a showing that "the employee's protected activity [was] a substantial factor in the motivation to discharge the employee." *Id.* at 797 (internal quotation marks omitted). "[T]o be a substantial factor, the employer's wrongful purpose must have been a factor that made a difference in the discharge decision." *Id.* (internal quotation marks omitted).

B.   *Sheppard's Amended Complaint Includes Sufficient Facts to Plausibly Suggest that She Was Terminated for Requesting Medical Leave*

Sheppard alleges in her amended complaint that, "[p]rior to her termination, [she] requested Family Medical Leave for a serious illness." Her amended complaint further alleges that she was "terminated immediately after she scheduled the surgery for which she requested Family Medical Leave" and that, prior to her termination, Sheppard had "received consistently good performance reviews." These allegations are sufficient to state a claim for wrongful discharge.

**[6]** The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In Sheppard's case, "common sense" suggests that there is a "causal connection" between Sheppard's request for medical leave and her termination. Significantly, Sheppard's amended complaint alleges that she was terminated "immediately" after she scheduled her surgery. This allegation, in conjunction

with Sheppard's allegation that she "received consistently good performance reviews" gives rise to an inference that Sheppard was performing her job well but was nonetheless terminated for requesting medical leave.

## CONCLUSION

**[7]** We REVERSE the district court's dismissal of Sheppard's amended complaint and REMAND for further proceedings consistent with this opinion.