

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD HEYER, | No. 11-16853 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-04525-MMC |
| v. | |
| GOVERNING BOARD OF THE MT. DIABLO UNIFIED SCHOOL DISTRICT and DOES, 1 Through 25, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted March 15, 2013[**]
San Francisco, California

Before: WALLACE and IKUTA, Circuit Judges, and GARBIS, Senior District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Appellant Heyer appeals from the district court's judgment of dismissal, arguing that the district court erred in dismissing certain claims from his First, Second, and Third Amended Complaints. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). This court has harmonized recent Supreme Court cases on pleadings, including those dealing with ADEA and Title VII claims, and explained "two principles" relevant to analyzing the sufficiency of the pleadings in this case:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the district court did not apply this precise standard, we nevertheless conclude that the district court did not err in dismissing Heyer's age discrimination, race discrimination, retaliation, and harassment claims. *See Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003).

To begin, although Heyer was not required to plead each element of the prima facie showing for an age discrimination claim, *see Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012), Heyer failed to allege that he was "'either replaced by [a] substantially younger [employee] with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination,'" *id.* at 1050. While Heyer's First Amended Complaint (FAC) alleges that Heyer was released from his position as vice-principal of Northgate High School and reassigned as a classroom teacher, the FAC does not state that Heyer's replacement was substantially younger or that a substantially younger individual otherwise received more favorable treatment. Heyer's mere conclusory statements that he was discriminated against in violation of the ADEA are not sufficient to meet his pleading burden. *See Starr*, 652 F.3d at 1216.

Next, Heyer failed to plead a plausible claim for relief as to his race discrimination claim. Apart from conclusory statements, Heyer makes no factual assertion in his FAC that he was replaced by a person of another race or that a person of another race was otherwise treated differently than he was. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). We therefore conclude that Heyer failed to "plausibly suggest an entitlement to relief" for his race discrimination claim. *Starr*, 652 F.3d at 1216.

3

Likewise, Heyer failed to plead sufficiently his fifth claim for harassment. While Heyer lists a number of vague unwelcome practices in his complaint, Heyer fails to support this list with any facts that would permit an inference that these practices were based on his membership in a protected group. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113–15 (9th Cir. 2004). Instead, Heyer's complaint appears to contain merely the kind of "the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to meet his pleading burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We also conclude that when viewed in light of the prima facie showing Heyer is required to make, *see Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir. 2003), Heyer's Second Amended Complaint (SAC) fails to plead adequately his retaliation claim. Although Heyer alleges that he protested a negative evaluation on April 20, 2009, and then suffered an adverse employment action on January 29, 2010, such a delay between the protected activity and the adverse action is insufficient to give rise to an inference of causation. *See Cornwell*, 439 F.3d at 1036; *Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003).

Heyer's Third Amended Complaint (TAC) also fails to allege sufficiently the causal link between protected activity and adverse employment action. While Heyer alleges new facts as to his employment, only two of the new factual allegations relate

4

to events between the April 20, 2009 protest and the late-January adverse employment action. While these two events occurred closer in time to the April 20, 2009 protected activity, we conclude that the district court correctly determined that Heyer had not pleaded sufficient facts to give rise to an inference that the April 22, 2009 meeting with an assistant superintendent in which he requested an investigation and transfer and the October 2009 instruction Heyer received to prepare "Initial Evaluation" goals were not adverse employment actions. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Heyer's TAC, therefore, failed to allege a shorter time period between protected activity and adverse employment action than was alleged in the SAC. We thus conclude that Heyer's TAC also failed to plead adequately a plausible entitlement to relief for retaliation. *See Starr*, 652 F.3d at 1216.

Finally, because allowing further amendment would have been futile, the district court did not abuse its discretion in denying leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

**AFFIRMED.**

5