**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA BARNES, | No. 12-15525 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00528-ECR-WGC |
| v. | |
| NATIONAL COUNCIL OF JUVENILE & FAMILY COURT JUDGES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted December 3, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Patricia Barnes appeals the district court's grant of summary judgment to the

National Council of Juvenile and Family Court Judges (the Council), a non-profit

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

organization, in her action under the Age Discrimination in Employment Act (ADEA). Barnes alleged that the Council terminated her employment as an associate attorney because of her age and in retaliation for her report of bias. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

1.      To establish a *prima facie* case of an ADEA violation, Barnes must show:

(1) she was at least forty years old;
(2) she was performing her job satisfactorily;
(3) [she was] discharged; and
(4) [she was] either replaced by a substantially younger employee with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination.

*Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (internal quotation marks and alterations omitted). Barnes failed to establish a prima facie case under the ADEA. Specifically, Barnes failed to show that "she was performing her job satisfactorily." *See id.*

The record is replete with undisputed evidence that Barnes had a poor attitude and failed to comply with the Council's procedures. Barnes (1) admitted she did not follow her supervisors' repeated instructions to read the Council's grants, which she knew was required to appropriately code her time; (2) ignored the Council's attendance, leave, timeliness, and travel policies; and (3) failed to correct her behavior after her performance evaluation.

2

Because Barnes has failed to establish at least one of the elements of a prima facie case of discrimination, we need not address whether Barnes established that she was discharged under circumstances otherwise giving rise to an inference of age discrimination or the remainder of the *McDonnell Douglas* burden shifting analysis.

2.	Barnes's retaliation claim is unexhausted. "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (internal quotation marks omitted). Barnes did not claim retaliation in her EEOC complaint nor did the factual basis of her complaint (a dispute between Barnes and her immediate supervisor) suggest that an investigation of retaliation would be expected to grow out of the charge. Even if Barnes presented enough facts to the EEOC that its investigation would have led to a claim of retaliation, Barnes still fails to show any causal connection between her complaint and her termination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).

**AFFIRMED.**

3