
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MCMANUS, | No. 12-15857 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00134-LRH-VPC |
| v. | |
| MCMANUS FINANCIAL CONSULTANTS, INC.; MCMANUS AND COMPANY, INC.; AEOLUS PHARMACEUTICALS, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 14, 2014[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel granted the parties' stipulated motion to waive oral argument. *See* Fed. R. App. P. 34(f).

Before: TALLMAN and IKUTA, Circuit Judges, and O'CONNELL, District Judge.[***]

Michael McManus appeals the Rule 12(b)(6) dismissal of his Sarbanes-Oxley Act whistleblower claim against Aeolus Pharmaceuticals, Inc. The district court held that Aeolus' Form 8-K, which disclosed Aeolus' amended financing agreement, directly contradicted McManus' allegations that Aeolus omitted material facts from its shareholders about the nature of that agreement. We review a Rule 12(b)(6) dismissal de novo. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012). We have jurisdiction pursuant to 28 U.S.C. §§ 1331, 1291, and we affirm.

To survive dismissal, McManus must plausibly allege, among other things, that he had "a subjective belief that the conduct being reported violated a listed law,"[1] and that his belief was "objectively reasonable." *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009). In his complaint, McManus

---

[***] The Honorable Beverly Reid O'Connell, United States District Judge for the Central District of California, sitting by designation.

[1] Sarbanes-Oxley prohibits employers of publicly traded companies from "discriminat[ing] against an employee in the terms and conditions of employment" for "provid[ing] information . . . regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1).

2

alleges that Aeolus committed securities fraud "by knowingly omitting from other shareholders a material fact – lack of a new agreement and/or consideration[.]"

McManus' dilemma is that Aeolus disclosed both of these alleged facts to its shareholders in its December 24, 2009, Form 8-K, a public filing of which we may take judicial notice. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Aeolus disclosed in its 8-K that it had "entered into an amendment . . . pursuant to which [it] agreed to lower the conversion price of [its] Senior Convertible Notes issued in 2008 . . . from $0.35 per share to $0.28 per share and as a result, issued to the investors in [Aeolus'] October 2009 financing . . . an additional 714,286 shares[.]" It disclosed that it would "not receive any proceeds" from the amended agreement. And it attached the entire amended agreement to its 8-K. Aeolus' disclosure—specifically of the facts alleged by McManus to be *material*—precludes any objectively reasonably belief in securities fraud.

Recognizing his problem, McManus argues on appeal that Aeolus also misrepresented in its 8-K that it amended its original financing agreement "to resolve a misunderstanding regarding one of the [f]inancing terms between [Aeolus] and the investors[.]" The truth, he says, is that Aeolus amended its

3

agreement as "a free handout to keep investors happy." This does not save McManus' complaint. First, he did not allege in his complaint that Aeolus amended its agreement to give investors a free handout; he makes this assertion for the first time on appeal. Second, although he alleged that Aeolus misrepresented that the amended agreement arose from an error in the original conversion price, he did not allege that this statement was material or explain how it was misleading. This type of conclusory pleading precludes us from drawing a reasonable inference that Aeolus is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor are we convinced that this allegation, even if well plead, would constitute a material misrepresentation in light of Aeolus' otherwise full disclosure of its amended agreement.

McManus has failed to state a claim under Sarbanes-Oxley. Even if we thought McManus' complaint was susceptible of amendment, which we do not, he did not request leave to amend below or on appeal. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) ("[W]e generally will not remand with instructions to grant leave to amend unless the plaintiff sought leave to amend below.").

AFFIRMED.