**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMERIE LARMANGER, | No. 13-35050 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00089-BR |
| v. | |
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, DBA Kaiser Permanente; KAISER FOUNDATION HEALTH PLAN, INC.; JUSTIN MCGOWAN; SHAWN W. FERGUSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 8, 2014
Portland, Oregon

Before: KOZINSKI, Chief Judge, and FISHER and DAVIS,[**] Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Andre M. Davis, Senior Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

Kimerie Larmanger appeals the judgment entered in favor of the defendants on her claims for interference under the Family and Medical Leave Act (FMLA) and the Oregon Family Leave Act (OFLA); retaliation under Oregon Revised Statutes §§ 659A.030(1)(f)-(g), 659A.199, 659A.230; and common law unlawful discharge. Reviewing de novo, *see George v. Edholm*, 752 F.3d 1206, 1214 (9th Cir. 2014), we affirm.

**1.** The district court properly granted summary judgment on Larmanger's FMLA/OFLA claims. Larmanger suggests her request for and use of medical leave was a negative factor in the June 2009 corrective action and the February 2010 termination because these adverse actions were proximate in time to her use of and request for leave. Proximity alone, however, is insufficient to establish a triable issue given that: (1) there is no other direct or circumstantial evidence of a causal nexus; (2) the corrective action and termination were put in motion before Larmanger requested or used medical leave; and (3) the adverse actions were amply supported by legitimate concerns about Larmanger's work performance. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (per curiam) ("[P]roceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality.").

**2.** The district court properly granted summary judgment on Larmanger's retaliation claims. Viewing the evidence in the light most favorable to Larmanger, no reasonable jury could find by a preponderance of the evidence either that Larmanger's claimed protected activities were a substantial factor in the adverse actions or that the defendants' explanations for their actions – Larmanger's poor performance – were mere pretexts for retaliation. *See Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011); *Seitz v. Albina Human Res. Ctr.*, 788 P.2d 1004, 1010 (Or. Ct. App. 1990).

**3.** The district court properly granted summary judgment on Larmanger's wrongful discharge claim. This claim too falls short for failure to present evidence of a causal connection between protected activity and adverse employment action. *See Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012).

**4.** The district court properly granted summary judgment on Larmanger's aiding and abetting claim against defendants Ferguson and McGowan. As Larmanger concedes, these claims are tied to her OFLA and retaliation claims.

**5.** The district court did not abuse its discretion by denying Larmanger's motion to compel deposition testimony from two attorneys representing Kaiser. Larmanger has not presented persuasive authority for her contentions that she was entitled to waive Kaiser's attorney-client privilege because she and Kaiser were

joint clients under Rule 503(4)(e) of the Oregon Evidence Code; as a former employee, she was no longer a "representative" of Kaiser under Rule 503(1)(d); or Kaiser waived the privilege under Rule 511. The district court therefore correctly concluded the privilege applied.

**AFFIRMED.**