**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DONNA LYNN BRADLEY, | No. 13-15677 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00980-SRB |
| v. | |
| CAREMARK RX LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Donna Lynn Bradley appeals pro se from the district court's summary

judgment in her employment action alleging age and sex discrimination, and

retaliation, in connection with her termination.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1151, 1155 (9th Cir. 2010).  We affirm.

The district court properly granted summary judgment on Bradley's age discrimination claim because Bradley failed to raise a genuine dispute of material fact as to whether she was performing her job satisfactorily, or whether she was replaced by a substantially younger employee with equal or inferior qualifications. *See Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (setting forth elements of prima facie case of discrimination under the Age Discrimination in Employment Act).

The district court properly granted summary judgment on Bradley's sex discrimination claim because Bradley failed to raise a triable dispute as to whether she was qualified for the job, or whether similarly situated men were treated more favorably.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (setting forth elements of prima facie case of sex discrimination under Title VII).

The district court properly granted summary judgment on Bradley's retaliation claim because Bradley failed to raise a triable dispute as to whether there was a causal link between any protected activity and her termination.  *See id.* at 1064 (setting forth elements of prima facie case of retaliation under Title VII).

**AFFIRMED.**

13-15677