**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 14-16258 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00416-TLN-CKD |
| v. | |
| AMAZON.COM, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's judgment

dismissing his employment action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly dismissed all of Whitsitt's claims other than his claims arising from a failure to hire because Whitsitt failed to allege plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (age discrimination under the Age Discrimination in Employment Act ("ADEA") based on termination); *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (retaliation under the ADEA); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (intentional infliction of emotional distress); *Sheehan v. S.F. 49ers, Ltd.*, 201 P.3d 472, 477 (Cal. 2009) (violation of California constitutional right of privacy); *Stevenson v. Superior Court*, 941 P.2d 1157, 1158 (Cal. 1997) (wrongful discharge in violation of public policy); *Porten v. Univ. of S.F.*, 134 Cal. Rptr. 839, 841 (Ct. App. 1976) (common-law invasion of privacy torts).

However, Whitsitt also alleged that he was not hired by Amazon.com, and he was qualified for the positions for which he applied, but younger, less qualified

individuals were hired. Thus, we conclude that Whitsitt stated a claim for age discrimination based on failure to hire. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (prima facie case of age discrimination under the ADEA based on a failure or refusal to hire).

Contrary to Whitsitt's contention that he was labeled a vexatious litigant, the record does not indicate that a vexatious litigant order has been entered against him.

We reject as without merit Whitsitt's contentions that the district court was biased and prejudiced against him, and that Magistrate Judge Carolyn Delaney should step down from his case.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**