NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN RALEY, | No.   19-16561 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02652-JAM-DMC |
| v. | |
| BOB WILLIAMS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Stephen Raley appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of a

citation and fine imposed on him for growing marijuana.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal for failure

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to state a claim under Fed. R. Civ. P. 12(b)(6).  *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012).  We affirm.

The district court properly dismissed Raley's due process, equal protection, and excessive fines claims because Raley failed to allege facts sufficient to state a plausible claim.  *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1139 (9th Cir. 2019) (requirements for procedural due process claim); *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (class-of-one doctrine of equal protection does not apply to state action that involves discretionary decisionmaking based on subjective, individualized assessments); *see also United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (a fine is unconstitutionally excessive under the Eighth Amendment if its amount is grossly disproportionate to the gravity of the offense).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Raley's state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**