**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHING-CHIN CHEN, | No. 19-56154 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-07403-SJO-E |
| v. | |
| SANTA MONICA COLLEGE DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Ching-Chin Chen appeals pro se from the district court's judgment

dismissing her employment action alleging claims under the Age Discrimination in

Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal for failure to state a claim under Fed. R.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6). *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Chen's retaliation claim because Chen failed to allege facts sufficient to state a prima facie case of retaliation. *See Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (setting forth elements of a prima facie case of retaliation under the ADEA); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (causation can be inferred from timing alone, but the adverse action must have occurred "fairly soon" after the employee's protected conduct (citation and internal quotation marks omitted)).

The district court dismissed Chen's discrimination claim for failure to state a claim. However, Chen alleged she was at least forty years old, was performing her job satisfactorily, was discharged, and was replaced by substantially younger employees with less experience. These allegations are sufficient to state a plausible discrimination claim. *See Sheppard*, 694 F.3d at 1049, n.2 (setting forth elements of a prima facie case of discrimination under the ADEA; if "a plaintiff pleads a plausible prima facie case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss"). We reverse the judgment in part, and remand for further proceedings on this claim only.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

19-56154