**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. KULICK, DBA Leisure Village News, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LEISURE VILLAGE ASSOCIATION, INC., a Senior Retirement Community Homeowner Association, official capacity; et al., <br><br> Defendants-Appellees. | No. 20-56059 <br><br> D.C. No. 2:20-cv-06079-DSF-PVC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Robert J. Kulick appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging First Amendment violations.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012). We affirm.

The district court properly dismissed Kulick's action because Kulick failed to allege facts sufficient to establish that any defendant was acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (identifying circumstances under which a private party may be said to be acting under color of state law); *see also Polk County v. Dodson*, 454 U.S. 312, 317-19, 325 (1981) (a private attorney or a public defender does not act under color of state law within the meaning of § 1983)); *Hudgens v. NLRB*, 424 U.S. 507, 519 (1976) (requiring a private party to perform "the full spectrum of municipal powers and [stand] in the shoes of the State" to be considered a state actor under the public function test).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kulick's motion for this court to review arguments he made in three prior

cases (Docket Entry No. 7) is granted.

**AFFIRMED.**