NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS RAYBOULD,

Plaintiff-Appellant,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC; et al.,

Defendants-Appellees.

No. 20-35557

D.C. No. 6:19-cv-01364-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Dennis Raybould appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal for failure to state a claim under Federal Rule of Civil

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012). We affirm.

The district court properly dismissed Raybould's Fair Debt Collection Practices Act claim against defendant Rushmore Loan Management Service because Raybould failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 999 (9th Cir. 2020) ("A judicial foreclosure proceeding is not a form of debt collection when the proceeding does not include a request for a deficiency judgment or some other effort to recovery the remaining debt."); *see also* Or. Rev. Stat. § 86.797(2) (prohibiting action for deficiency after judicial foreclosure).

The district court did not abuse its discretion in issuing its scheduling order, case management order, or orders granting extensions of time. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district court has broad discretion to manage its docket).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-35557

We do not consider Raybould's contention regarding dismissal of his prior action, *Raybould v. JPMorgan Chase Bank, N.A.*, which was summarily affirmed in Appeal No. 15-35158.

**AFFIRMED.**