NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID M. MORGAN, | No. 20-17034 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00571-DCB |
| v. | |
| COCHISE COUNTY BOARD OF SUPERVISORS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

David M. Morgan appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging First Amendment violations.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6).  *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048 (9th Cir. 2012).

We affirm.

The district court properly dismissed Morgan's First Amendment malicious prosecution claims for failure to state a plausible claim.  *See Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) ("A *Bivens* (or § 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute . . . ."); *see also Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) ("[P]laintiffs in retaliatory prosecution cases . . . must also prove as a threshold matter that the decision to press charges was objectively unreasonable because it was not supported by probable cause.").

The district court properly dismissed Morgan's claims arising from court and jail staff's allegedly retaliatory actions because these actions would not chill a person of ordinary firmness from continuing to engage in the protected activity. *See Sampson v. County of L.A. by & through L.A. County Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020) (discussing the requirements of a First Amendment retaliation claim).

The district court properly dismissed Morgan's claims of respondeat superior liability under Arizona law against defendant Board of Supervisors because Morgan failed to comply with Arizona state law Notice of Claim rules. *See* Ariz. Rev. Stat. § 12-821.01 (requiring plaintiffs to serve notice of claims

against a public entity within 180 days of accrual of cause of action).

The district court did not abuse its discretion by dismissing Morgan's complaint without leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and grounds for dismissing without leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**