**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TASHIA CHANNEL, | No. 20-16211 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02414-MCE-AC |
| v. | |
| DENIS McDONOUGH, Secretary, Department of Veterans Affairs; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 8, 2021[**]

Before:      CANBY, TASHIMA, and MILLER, Circuit Judges.

Tashia Channel appeals pro se from the district court's judgment dismissing her action alleging various claims concerning her federal employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (dismissal for failure to state a claim);

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (dismissal for failure to exhaust administrative remedies).  We affirm.

The district court properly dismissed Channel's claims of discrimination, retaliation, and constructive discharge because Channel failed to allege facts sufficient to state a plausible claim.  *See Green v. Brennan*, 578 U.S. 547, 555 (2016) (constructive discharge doctrine contemplates a situation in which working conditions have become so intolerable that a reasonable person in the employee's position would feel compelled to resign); *Univ. of Tex Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (requirements of a retaliation claim under Title VII); *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (elements of a prima facie case of discrimination under the Age Discrimination in Employment Act); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (elements of a prima facie claim of disability discrimination under the Rehabilitation Act).

The district court properly determined that Channel failed to exhaust administrative remedies on her claim concerning reasonable accommodation for her disability.  *See Leong*, 347 F.3d at 1121-22 (9th Cir. 2003) (exhaustion of administrative remedies is required for Rehabilitation Act claims and ordinarily the "specific claims" made in the district court must have been presented to the Equal Employment Opportunity Commission).  Contrary to Channel's contention that the

defense was waived, the defense was raised in a motion to dismiss.

We reject as without merit Channel's contention that the district court was required to hold an additional hearing prior to dismissing the action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**