NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES PARKER, | No. 23-35510 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-01451-IM |
| v. | |
| DANIEL DRISCOLL, Secretary, U.S. Department of the Army, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted May 12, 2025
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

James Parker appeals the district court's order dismissing his pro se

complaint under the Age Discrimination in Employment Act of 1967 ("ADEA"),

29 U.S.C. § 621, *et seq.*, and Section 501 of the Rehabilitation Act of 1973

("Rehabilitation Act"), 29 U.S.C. § 791, and judicially noticing certain documents

from Parker's Equal Employment Opportunity Commission ("EEOC")

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss for failure to state a claim. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). The district court's decision to judicially notice documents from Parker's EEOC proceeding is reviewed for abuse of discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). We affirm the district court's decision to judicially notice the documents in question, but reverse and remand the district court's dismissal of Parker's complaint.

1. The district court did not abuse its discretion in judicially noticing the records from Parker's EEOC case. *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (holding that a "court may take judicial notice of 'records and reports of administrative bodies'" without converting the motion to dismiss into a motion for summary judgment) (citation omitted), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). In doing so, the court did not impermissibly notice any fact that was "subject to reasonable dispute." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

2. By requiring Parker to have pled a prima facie case of discrimination for his claims under the ADEA and Rehabilitation Act, the district court contravened well-established precedent. The Supreme Court held in *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506 (2002), that plaintiffs in discrimination cases need not plead a prima facie case of discrimination, and no subsequent decision of the court has abrogated that holding. "[A]n employment discrimination complaint . . . must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 508 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012) (plaintiff alleging discrimination under the ADEA "is *not required* to plead a prima facie case of discrimination in order to survive a motion to dismiss").

Parker's claim under the Rehabilitation Act "satisfies the requirements of Rule 8(a)." *Swierkiewicz*, 534 U.S. at 514. He provided the Secretary "fair notice of the basis for" his claim, including by referencing his diabetes diagnosis; the hiring officials' awareness of that diagnosis prior to his non-selection; his qualifications for the position; the other applicants' non-disability status; and a citation to the Rehabilitation Act. *Id.* (discrimination pleading sufficient where plaintiff "detailed the events leading to his termination, provided relevant dates, . . . included the ages and nationalities of at least some of the relevant persons involved with his termination," and stated claims upon which relief could be granted). Parker's ADEA claim likewise meets the pleading standard because it identified his age relative to the other applicants, qualifications for the position,

and non-selection.[1] *Sheppard*, 694 F.3d at 1049–50 (holding that a 2.5-page complaint met the pleading standard for an ADEA claim where it alleged that plaintiff was of a certain age; performed job satisfactorily; was discharged; and her five younger comparators kept their jobs).

**AFFIRMED in part; REVERSED in part; REMANDED.[2]**

---

[1] Any qualms the district court had regarding whether any age differences between Parker and other candidates are sufficiently substantial are properly resolved after the pleading stage. *See France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015) (holding that, on summary judgment for an ADEA claim, plaintiff can rebut a "presumptively insubstantial" age difference of less than ten years with additional evidence that "the employer considered his . . . age to be significant").

[2] The Secretary shall bear the costs associated with this appeal. *See* Fed. R. App. P. 39(a)(4).