NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TYRONE SINGLETON,

Plaintiff - Appellant,

v.

HOWARD W. LUTNICK, Secretary of the U.S. Department of Commerce,

Defendant - Appellee.

No. 24-2218

D.C. No. 2:23-cv-05286-KK-MAA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Tyrone Singleton appeals pro so from the district court's judgment dismissing his action alleging violations of the Age Discrimination in Employment Act ("ADEA") and the Worker Adjustment and Retraining Notification Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("WARN Act"), and breach of contract. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Singleton's action because Singleton failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (setting forth the elements of a prima facie case of disparate treatment discrimination under the ADEA); *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 835 (9th Cir. 2000) (setting forth the elements of a prima facie case of disparate impact discrimination under the ADEA); *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (setting forth the elements of a breach of contract claim under California law); 20 C.F.R. § 639.3(a)(1)(ii) (stating that the federal government is not an employer covered by the WARN Act).

**AFFIRMED.**